IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OTHA WALKER,

                              Plaintiff,

    v.                                                    1:07-cv-2118-WSD-RGV

THE PARK AVENUE BANK and
LEE SPAHOS,

                              Defendants.

## OPINION AND ORDER

Plaintiff Otha Walker ("Plaintiff") alleges that defendants The Park Avenue Bank and Lee Spahos ("Defendants") racially discriminated against him, in violation of 42 U.S.C. §§ 1981 and 1982.  Plaintiff also brings claims under Georgia law for false imprisonment and intentionally infliction of emotional distress.  The matter is before the Court on Magistrate Judge Vineyard's Final Report and Recommendation ("R&R") [8] on the Defendants' Motion to Dismiss [3], and on Plaintiff's Objections to the R&R [9].

## I.    STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  <u>Jeffrey S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

Plaintiff asserts three specific objections to the R&R: (1) that he has failed to satisfy the third element of a claim under 42 U.S.C. § 1981; (2) that he has failed to state a claim under 42 U.S.C. § 1981; and (3) that he has failed to state a claim under 42 U.S.C. § 1982.  Pl.'s Objections to R&R [9] at 1-2.

The Court has conducted a detailed review of the portions of the R&R to which Plaintiff does not assert objections, for plain error, including the Magistrate Judge's recitation of the factual allegations in the Complaint.  Finding no plain

error, the Court adopts those portions of the R&R to which no objection has been asserted as the Order of the Court.

## II.   DISCUSSION

### A.   <u>The Standard on a Motion to Dismiss</u>

The law governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), and considers the allegations in the complaint in the light most favorable to the plaintiff.  <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1295 (11th Cir. 2007).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Co. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  A formal recitation of the elements of a cause of action is not sufficient without adequate factual allegations stating a plausible claim for relief.  <u>Watts</u>, 495 F.3d at 1295.

The Court had conducted a *de novo* review of those portions of the R&R to which Plaintiff has objected.

## B.      Plaintiff's Claim Under 42 U.S.C. § 1981

Plaintiff is an African-American male who maintained an account and was a regular patron of Defendant The Park Avenue Bank.  Compl. ¶ 5.  "On August 18, 2006, Plaintiff conducted a business transaction at Defendant Bank.  After completing the transaction, Plaintiff left Defendant Bank alone and drove to a restaurant located just down the street from Defendant Bank."  Id. ¶ 7.  Plaintiff alleges he was racially discriminated against by the Defendants when defendant Spahos, an employee of the Bank, contacted Henry County Police and informed them that Plaintiff was involved in an attempted cashing of a stolen check.  The police allegedly detained and interrogated Plaintiff for a period of time before releasing him.  Subsequent investigation allegedly has absolved Plaintiff of any wrongdoing.

Originally enacted in the years immediately following the Civil War, 42 U.S.C. § 1981 provides:

> All persons within the jurisdiction of the United States
> shall have the same right in every State and Territory to
> make and enforce contracts, to sue, be parties, give evidence,

> and to the full and equal benefit of all laws and proceedings
> for the security of persons and property as is enjoyed by
> white citizens, and shall be subject to like punishment, pains,
> penalties, taxes, licenses, and exactions of every kind, and to no other.
> ***
> For purposes of this section, the term "make and enforce
> contracts" includes the making, performance, modification,
> and termination of contracts, and the enjoyment of all
> benefits, privileges, terms, and conditions of the contractual
> relationship.

42 U.S.C. § 1981(a)-(b).  Section 1981 is intended to encompass "all phases and incidents of the contractual relationship . . . ."  Rivers v. Roadway Express, Inc., 511 U.S. 298, 302 (1994).

To state a claim under Section 1981, the Plaintiff must allege (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in Section 1981.  Kinnon v. Arcoub, Gopman & Assoc., Inc., 490 F.3d 886, 891 (11th Cir. 2007) (citing Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1270 (11th Cir. 2004)).  There is no dispute that Plaintiff is a member of a racial minority within the meaning of Section 1981, and the Court assumes for the purpose of this analysis that the Defendants intended to discriminate against the Plaintiff on the basis of race.  Plaintiff objects to the

Magistrate Judge's recommendation he had failed to adequately allege the third element of a Section 1981 claim – that the discrimination concerned one or more of the activities enumerated in Section 1981.

Section 1981 cases frequently involve discrimination in the employment context, and the Eleventh Circuit has often discussed what allegations must be made to support a claim of employment discrimination under Section 1981.  E.g., BellSouth, 372 F.3d 1250; Hall v. Ala. Ass'n of Sch. Bds., 326 F.3d 1157 (11th Cir. 2003).  Less well-developed is Eleventh Circuit law on Section 1981 claims brought by customers against commercial establishments, such as retail stores and banks.  Kinnon, 490 F.3d at 891.  The Eleventh Circuit determined that, for a plaintiff to show a violation of Section 1981 "'in the retail context, the plaintiff must demonstrate the loss of an actual . . . contract interest.'"  Id. at 892 (quoting Arguello v. Conoco, Inc., 330 F.3d 355, 358 (5th Cir. 2003)).  In the retail context, the contractual relationship is based on "a single, discrete transaction," and, once the transaction has been terminated, there is no further continuing contractual relationship.  Id.  "Virtually all federal courts that have analyzed Section 1981 claims in the retail merchandise context have required the plaintiff to show that he

was actually prevented from making a purchase." <u>Rogers v. Elliott</u>, 135 F. Supp. 2d 1312, 1315 (N.D. Ga. 2001).

Plaintiff alleged unequivocally that he completed the banking transaction for which he entered the Defendant Bank <u>before</u> any allegedly discriminatory action was taken against him.  Compl. ¶ 7.  Plaintiff had, in fact, left the Bank premises before Defendant Spahos called 911 and before Plaintiff was detained.  <u>Id.</u> ¶ 8. Plaintiff does not allege that the Defendants prevented him from accomplishing any commercial transaction of any kind.  <u>See</u> <u>Cummings v. Citizens Bank</u>, No. 07-1164, 2008 WL 53272, at *2 (E.D. Pa. Jan. 3, 2008) (granting motion to dismiss where plaintiff could not satisfy the third element of a Section 1981 claim because defendant bank had not prevented plaintiff from completing the contractual transaction at issue).  After conducting a *de novo* review of the record and legal authority, the Court agrees with Magistrate Judge Vineyard that Plaintiff failed to satisfy the third element of a Section 1981 claim because the only contractual transaction mentioned in the Complaint was already completed before any allegedly discriminatory acts were taken against Plaintiff.[1]

---

[1] Other Courts have sometimes permitted Section 1981 claims to proceed where the defendant treated the plaintiff in such a way as to fundamentally alter the contractual relationship between the plaintiff and defendant based on racial

Plaintiff's second objection to the R&R is that his allegations "show that the events which form the basis of Plaintiff's claim originated while Plaintiff was in the bank, and they culminated with the police officers falsely arresting Plaintiff outside the bank . . . ."  Objections to R&R [9] at 1.  This objection is overruled. Plaintiff's complaint alleges that "[a]fter Plaintiff exited the Defendant Bank, Defendant Spahos made a 911 call . . . ."  Compl. ¶ 8.  Thus, the only discriminatory action alleged in the Complaint indisputably occurred after Plaintiff had completed his banking transaction and left the premises.  To the extent Plaintiff is attempting to allege that Defendant Spahos formed discriminatory intent while Plaintiff was in the bank and completing his banking transaction, the exact moment when Spahos formed discriminatory intent, assuming he did, is not relevant to a Section 1981 claim.  Section 1981 does not penalize naked discriminatory intent.  Only when an individual acts on that discriminatory intent

---

discrimination.  E.g., Barfield v. Commerce Bank, N.A., 484 F.3d 1276, 1279-80 (10th Cir. 2007) (African-American plaintiff denied change for large denomination bills when white customers could receive change for similar requests).  The Court notes that Plaintiff has not alleged that the Defendants' conduct, whatever its motive, impaired any aspect of a contractual relationship.

in a way to impair a plaintiff's protected contractual rights does a Section 1981

claim arise.[2]

### C.   Plaintiff's Claim Under 42 U.S.C. § 1982

42 U.S.C. § 1982 provides:

> All citizens of the United States shall have the same
> right, in every State and Territory, as is enjoyed by
> white citizens thereof to inherit, purchase, lease, sell,
> hold, and convey real and personal property.

"Though the statute has been interpreted broadly, a plaintiff, to state a claim,

must allege interference with some right involving real or personal property."

Bishop v. Toys "R" Us-NY LLC, 414 F. Supp. 2d 385, 395 (S.D.N.Y. 2006);

accord City of Memphis v. Greene, 451 U.S. 100, 121-22 (1981).

Even if the Court accepts that a banking transaction such as negotiating a

check is a "property right" protected by Section 1982, see Dobson v. Central

Carolina Bank & Trust Co., 240 F. Supp. 2d 516, 524 n.5 (M.D.N.C. 2003) (bank

---

[2]  For similar reasons, the Court need not address whether Spahos or the
Bank possessed discriminatory intent under the burden shifting framework set out
in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973); Kinnon, 490
F.3d at 893; R&R [8] at 6 n.3.  Even if the Court assumes the Defendants
intentionally discriminated against Plaintiff on the basis of race, Plaintiff has not
identified any protected contractual interest that was impaired by the Defendants
which could predicate a Section 1981 claim.

deposit and payment to credit line fall within "property rights" protected by Section 1982), Plaintiff in this case has not alleged that he was denied the right to inherit, purchase, lease, sell, hold or convey any property on the same basis as white citizens.  Plaintiff alleges instead that he completed the only "property" transaction at issue in this case before the Defendants took any allegedly discriminatory action.  Plaintiff's allegations simply to not support a claim that the Defendants infringed on his property rights in any way.

Plaintiff objects to the Magistrate Judge's recommendation because, accepting Plaintiff's allegations as true, the Defendants had no reason other than Plaintiff's race to accuse Plaintiff of wrongdoing and cause his arrest.  Pl.'s Objections to R&R [9] at 2.  In short, Plaintiff alleges that the Defendants possessed discriminatory intent.  Although a plaintiff must prove discriminatory intent in order to prevail on a Section 1982 claim, Asbury v. Brougham, 866 F.2d 1276, 1279 (10th Cir. 1989), a plaintiff must, as a threshold matter, show that the Defendants interfered with one of Plaintiff's protected property rights.  Terry Props., Inc. v. Standard Oil Co. (Ind.), 799 F.2d 1523, 1536 (11th Cir. 1986).  Even assuming the Defendants had no reason other than race to accuse Plaintiff of a

crime, Plaintiff has not alleged a Section 1982 claim because he has not alleged

interference with any protected property right.

### D.   <u>Supplemental Jurisdiction</u>

Having reviewed *de novo* the Magistrate Judge's recommendations to

dismiss Plaintiff's Sections 1981 and 1982 claims, and having determined to

overrule Plaintiff's objections and adopt those recommendations, the Court

determines to dismiss Plaintiff's Sections 1981 and 1982 claims.  This would leave

Plaintiff's claims for false imprisonment and intentional infliction of emotional

distress arising under Georgia law.

Plaintiff alleged subject matter jurisdiction in this Court through federal

question jurisdiction over the Section 1981 and 1982 claims and supplemental

jurisdiction over the state law claims.  28 U.S.C. §§ 1331, 1367(a).[3]  The Court

has dismissed the federal claims and may decline to exercise supplemental

---

[3] The Court does not have diversity jurisdiction over this case.  Although Plaintiff does not disclose his residence, the Court assumes for the purposes of this Order that Plaintiff is domiciled in Georgia, where he brought suit and where he was apparently a regular patron of a Park Avenue Bank branch in Stockbridge, Georgia.  Compl. ¶¶ 5-6.  The Defendants are also alleged to be citizens of Georgia.  <u>Id.</u> ¶¶ 3-4.  Even if the parties were of diverse citizenship, Plaintiff does not claim damages in an amount exceeding $75,000.  Accordingly, Plaintiff's allegations to not establish the existence of diversity jurisdiction over this case.  28 U.S.C. § 1332(a).

jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3).  "The

federal courts of appeals, however, have uniformly held that once the district court

determines that subject matter jurisdiction over a plaintiff's federal claims does not

exist, courts must dismiss a plaintiff's state law claims."  <u>Scarfo v. Ginsberg</u>, 175

F.3d 957, 962 (11th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1003 (2000); <u>accord</u>,

<u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988).  Accordingly, the

Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state

law claims.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the Magistrate

Judge's Report and Recommendation [9] are **OVERRULED**.

**IT IS HEREBY FURTHER ORDERED** that upon review and subject to

the foregoing, the Court **ADOPTS** the Magistrate Judge's Report and

Recommendation [8] as the Order of the Court.  Defendants' Motion to Dismiss [3]

is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and those claims are accordingly **DISMISSED**.

**SO ORDERED** this 28th day of March 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE